BELL *v.* WICKHAM.

1. APPEAL AND ERROR—CERTIFIED QUESTIONS—INFORMATION INSUFFICIENT.

Information given in connection with questions certified to Supreme Court under Michigan Court Rule No. 78, *held*, short of facts essential to decision.

2. SAME—CERTIFICATE DISMISSED WHERE ESSENTIAL FACTS NOT STATED.

When, without all the relevant facts, the questions certified are so broad and indefinite as to admit of one answer under one set of circumstances and a different answer under another, the certificate will be dismissed.

3. SAME—POWER OF COURT TO REQUIRE BETTER STATEMENT OF QUESTION AND FACTS.

Supreme Court's power, under Michigan Court Rule No. 78, § 2, to require further and better statement of the certified question and of the facts should be sparingly employed.

On definiteness of question to be certified, see annotation in 31 L. R. A. 392.

Certified question from Wayne; Smith (Fred P.), J., presiding. Submitted July 21, 1931. (Calendar No. 35,876.) Decided October 5, 1931.

Bill by Melzi C. Bell, executor of the estate of Cynthia Esther Pritchard, deceased, against William W. Wickham and others to disinter and reinter a body in a grave. Questions concerning powers of court of equity certified to this court. Certificate dismissed.

*Ben Davidson* (*Samuel W. Shier*, of counsel), for defendants.

Wiest, J. The following questions have been certified to this court under Michigan Court Rule No. 78:

"Question No. 1.

"Has a court of equity, upon the petition of the executor of the last will of the deceased person in which he is testamentary trustee and in which will it was provided that the executor should erect a monument upon a lot in a cemetery owned by the deceased, jurisdiction to compel the removal of a body therein interred from its present location to another position in said cemetery lot in order that the monument might be erected in conformity with the customs and unwritten rules of the cemetery?

"Question No. 2.

"May a court of equity require and compel the legatees and owners of said cemetery lot and kin of the deceased to consent to the disinterment and reinterment of said dead body?"

We are informed that plaintiff is executor and testamentary trustee of the estate of Cynthia Esther Pritchard, deceased, and, desirous of performing a direction in her will to erect a monument on lot No. 212, in Woodmere cemetery, petitioned the court

to direct the cemetery association to disinter and reinter the remains of Sarah Gordon, buried in that lot in the year 1904, and to direct the sons of Sarah Gordon and the other defendants, who are the sole legatees of Cynthia Esther Pritchard, owners of the cemetery lot rights and kin of Sarah Gordon, to consent thereto.

The will did not specify the kind of monument nor the place of erection on the lot. The information given is short of facts essential to decision. When, without all the relevant facts, the questions are "so broad and indefinite as to admit of one answer under one set of circumstances and a different answer under another," the certificate will be dismissed. *White* v. *Johnson,* 282 U. S. 367 (51 Sup. Ct. 115).

Who held the lot at the time of the burial of Sarah Gordon? Was she the owner of rights of burial therein, and, if so, did she direct the position of her grave, and, at her death, to whom did the lot rights descend? What relation, if any, existed between Sarah Gordon and Cynthia Esther Pritchard? Why is it deemed necessary to remove the grave of Sarah Gordon? What "customs and unwritten rules of the cemetery" prevent placing the monument on the lot without interference with the grave of Sarah Gordon? Has the use of the lot ever been more than a mere exclusive privilege or license to make interments therein and to continue as a burial ground, subject, however, to municipal regulation and control? What are the express provisions, if any, in the will regarding the lot? In order to state more than abstract propositions of law this information should have been supplied.

Section 2, of Michigan Court Rule No. 78, provides:

"If any question is not properly stated, or if sufficient facts are not given to show the application

thereof, the Supreme Court may require a further and better statement of the question and of the facts.''

This power should be sparingly employed. It is not intended that we frame questions or state needed facts essential to decision.

The certificate is dismissed.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.